NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MYRNA B. TAGAYUN, M.D. and ROBERT S. MANDELL, | : : : : | |
| Plaintiffs, | : : | Civil Action No. 05-4101 (JAG) |
| v. | : : : | **OPINION** |
| LEVER & STOLZENBERG, ATTORNEYS AT LAW, and DAVID B. LEVER, ATTORNEY AT LAW, | : : : : | |
| Defendants. | : : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on remand from the United States Court of Appeals for the Third Circuit. On May 31, 2006, this Court ruled on Defendants Lever & Stolzenbergs' ("L&S") and David B. Lever's ("Lever") (collectively "Defendants") motion to dismiss for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), and for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). This Court dismissed the Complaint, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). After due consideration, the Third Circuit has directed this Court "to consider in the first instance whether [this Court has] subject matter jurisdiction and personal jurisdiction to consider [the] claims." Tagayun v. Levin & Stolzenberg, Attorneys at Law, 239 Fed. App'x 708, 708 (3d Cir. Mar. 15, 2007). For the reasons stated below, this Court finds that: (1) subject matter jurisdiction, pursuant to 28 U.S.C.

1

§ 1332(a), is lacking because Plaintiffs have not established that they meet the jurisdictional amount in controversy requirement; (2) Plaintiffs fail to establish that this Court may exercise personal jurisdiction over Defendants; and (3) Plaintiff Robert S. Mandell ("Mandell") does not have standing to assert claims for slander and defamation based on statements regarding his wife. Pursuant to the Third Circuit directive, this Court, having determined that it lacks both subject matter and personal jurisdiction in this case, will not reevaluate the merits of Defendants' Rule 12(b)(6) motion.

## BACKGROUND

This dispute arises out of professional work jointly performed by Plaintiffs in connection with an unrelated lawsuit filed by Carolyn McGhee ("McGhee"). Plaintiff Myrna B. Tagayun, M.D. ("Tagayun" and, collectively with Mandell, "Plaintiffs") is a neurologist, with an unblemished record of practice. (Compl. ¶¶ 1-2.) Attorneys often engage Tagayun to prepare written narrative reports on behalf of clients involved in tort matters. (Id. at ¶ 3.) Plaintiff Mandell, Tagayun's husband and business manager, is also involved in the preparation of medical reports and processes the payment for these reports. (Id. at ¶¶ 1, 3.) The law firm of Lever & Stolzenberg, the attorneys for McGhee, engaged Tagayun to prepare, and submit to them, a medical report in November 2003, in connection with McGhee's tort litigation. (Id. at ¶ 4.) Mandell submitted a bill for the report to L&S. However, L&S refused to pay the bill. (Id. at ¶ 5.)

Plaintiffs allege that, in response to their continued demands for payments, on August 23, 2004, Lever made two slanderous and defamatory statements in a telephone call to Dr. Christine Sapka, Tagayun's co-worker. Lever stated that: (1) "he would 'file a complaint with the board of

medical ethics (or examiners) against plaintiff Myrna B. Tagayun, M.D.'"; and (2) "he would further 'make life unbearable'" for Tagayun. (Id. at ¶¶ 7-8.) Plaintiffs sued the law firm and Lever, individually, and as an agent acting on behalf of L&S.

## PROCEDURAL HISTORY

On August 19, 2005, Plaintiffs filed the Complaint pro se, alleging slander per se and defamation per se. (Compl. ¶ 10.) The Complaint was filed in the United States District Court for the District of New Jersey on the basis of diversity jurisdiction. (Compl. 1.) On September 23, 2005, Mandell requested the Clerk of the Court to enter default against Defendants for failure to appear. The Clerk made an entry of default on September 27, 2005. On September 30, 2005, Defendants filed an Answer, in which they asserted several affirmative defenses, including lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Defendants also asserted a counterclaim against Plaintiffs for sanctions, attorney's fees, and costs for defending this allegedly frivolous suit. On October 11, 2005, Defendants filed an Amended Answer, in which they asserted an additional affirmative defense - lack of personal jurisdiction.

On December 29, 2005, Defendants moved to dismiss the Complaint for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), and for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). Magistrate Judge Madeline Cox Arleo, on January 26, 2006, held a hearing on the motion, and on an order to show cause regarding why the Complaint "should not be dismissed for lack of subject matter jurisdiction ($75,000 jurisdictional amount)." (Order to Show Cause, Dec. 8, 2005.) Judge Arleo concluded that the threshold jurisdictional amount was not established, and therefore subject matter jurisdiction was lacking. (Report and Recommendation on Order to Show Cause, Feb. 20, 2006.)

Judge Arleo also concluded that the Court had no personal jurisdiction over Defendants. (Id.) Therefore, Judge Arleo recommended that the Complaint be dismissed, with prejudice, for: (1) lack of subject matter jurisdiction due to Plaintiffs' failure to establish the threshold jurisdictional amount of $75,000; (2) lack of personal jurisdiction over Defendants; and (3) failure to state a claim for defamation. (Id.) Plaintiffs timely objected to Judge Arleo's Report and Recommendation.

On May 31, 2006, after reviewing Judge Arleo's recommendations *de novo*, this Court granted Defendants' motion to dismiss for failure to state valid claims of slander and defamation, with prejudice, and denied Defendants' request for attorney's fees and costs. (See generally Order Granting Mot. to Dismiss, May 31, 2006.) This Court did not decide the subject matter and personal jurisdiction issues. On June 30, 2006, Plaintiffs filed a timely Notice of Appeal. (See Notice of Appeal, June 30, 2006.) On March 15, 2007, the Court of Appeals for the Third Circuit issued an unpublished opinion, vacating the order of dismissal and remanding to this Court "with instructions to consider in the first instance whether [this Court] had subject matter jurisdiction and personal jurisdiction to consider Appellants' claims." Tagayun, 239 Fed. App'x at 708.

Now, this Court shall determine initially whether it has subject matter jurisdiction over the case. Next, this Court shall decide whether it may exercise personal jurisdiction over Defendants. Last, this Court shall decide whether Plaintiff Mandell has standing to assert claims for slander and defamation based on statements made regarding his wife. Id. According to the Third Circuit's instructions, in the event that this Court finds that it does have jurisdiction, a choice of law analysis must occur, as outlined in Warriner v. Stanton, 475 F.3d 497 (3d Cir.

2007). Id. It is only upon completion of this analysis that this Court may address the merits of Plaintiffs' claims.

## LEGAL STANDARD

### I. Subject Matter Jurisdiction

Motions for dismissal for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), may be raised at any time. See 2 MOORE'S FEDERAL PRACTICE § 12.30 [1] (Matthew Bender 3d ed. 2005). Rule 12(b)(1) challenges are either facial or factual attacks. Id. at § 12.30[4]. "[W]hen a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Id.; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(l) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891; see also Carpet Group Int'l v. Oriental Rug Imps. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891. "The [trial] [c]ourt must be careful, however, not to allow its consideration of jurisdiction to spill over into a determination of the merits of the case, and thus must tread lightly in its consideration of the facts concerning jurisdiction." Dugan v. Coastal Indus., Inc., 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000).

"[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen, 549 F.2d at 891. The plaintiff must not only demonstrate that a controversy existed at the time he filed suit, but that it continues to exist throughout the litigation. Spectronics Corp.

v. H.B. Fuller Co., 940 F.2d 631, 635 (Fed. Cir. 1991), abrogated on other grounds by, Liquid Dynamics Corp. v. Vaughan Co., 355 F.3d 1361, 1370 (Fed. Cir. 2004).  A motion to dismiss for lack of subject matter jurisdiction predicated on the legal insufficiency of a claim "is proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'"  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991), cert. denied, 501 U.S. 1222 (1991) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

**II.     Personal Jurisdiction**

A federal court sitting in diversity must conduct a two-step analysis to ascertain whether personal jurisdiction exists.  First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant.  Second, the court must determine whether the exercise of personal jurisdiction would be repugnant to the Due Process Clause of the Fourteenth Amendment.  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 150 (3d Cir. 1996).

In this forum, the inquiry may be collapsed into a single step because New Jersey's long arm statute permits the exercise of personal jurisdiction "consistent with due process of law."  N.J. CIV. R. 4:4-4.  As such, this Court will allow out-of-state service "to the uttermost limits permitted by the United States Constitution."  Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 2002) (quoting Charles Gendler & Co., Inc. v. Telecom Equip. Corp., 102 N.J. 460, 469 (1986)).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state

defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). It is the burden of the plaintiff to prove that the defendant has purposefully availed himself of the forum state. See Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

To prove that the defendant has purposefully availed himself of the burdens and benefits of a given state, a plaintiff may rely upon a defendant's specific contacts with the forum state. The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiff. See Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 and n.9 (3d Cir. 1984). Personal jurisdiction pursuant to such contacts is known as specific jurisdiction. Specific jurisdiction is invoked when a claim is related to or arises out of the defendant's contacts with the forum. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Dollar Sav. Bank v. First Sec. Bank of Utah, N.A., 746 F.2d 208, 211 (3d Cir. 1984). A court must first determine whether the defendant has the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted).

What constitutes minimum contacts varies with the "quality and nature of defendant's activity." Hanson, 357 U.S. at 253. In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 770 (1984) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). Otherwise stated, there must be at least "a single deliberate contact" with the forum state that relates to the cause of action. U.S. Golf Ass'n v.

U.S. Amateur Golf Ass'n, 690 F. Supp. 317, 320 (D.N.J. 1988).  The unilateral acts of the defendant, however, will not amount to minimum contacts.  Helicopteros Nacionales de Colombia, 466 U.S. at 417; see also Hanson, 357 U.S. at 253.

Assuming minimum contacts have been established, a court may inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  Burger King Corp. 471 U.S. at 476 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). See also Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 201 (3d Cir. 1998).  For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state.  World-Wide Volkswagen, 444 U.S. at 292.  To determine reasonableness, a court considers the following factors:  the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering substantive social policies.  Id.  Only in "rare cases [do the] 'minimum requirements inherent in the concept of "fair play and substantial justice" . . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities.'"  Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano County, 480 U.S. 102, 116 (1987) (Brennan, J., concurring) (quoting Burger King Corp., 471 U.S. at 477-478).

If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained  "continuous and systematic" contacts with the forum state.  Helicopteros Nacionales de Colombia, 466 U.S. at 416.  To establish general jurisdiction the plaintiff "must show significantly more than mere minimum

contacts" with the forum state. Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).  Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive."  Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).  A particular defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to this standard.  See FED. R. CIV. P. 12(b)(2).

## III. Standing

A litigant is entitled to have a court decide the merits of his particular case only if he has standing to bring the claims.  Warth v. Seldin, 422 U.S. 490, 498 (1975).  Standing jurisprudence encompasses two strands:  standing pursuant to Article III of the United States Constitution, and prudential standing.  Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11-12 (2004).  Article III standing enforces the Constitution's case or controversy requirement, id., and requires proof of three elements:

> [f]irst, the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted).[1]  The requirement of an injury in fact necessitates more than a mere injury to a recognizable interest.  Id. at 563 (citing Sierra Club v. Morton, 405 U.S. 727, 734 (1972)).  "It

---

[1] The three prongs of the Constitutional standing test are conjunctive.  Therefore, a plaintiff must satisfy each of the three requirements to establish that he has standing.

9

requires that the party seeking review be among the injured." Lujan, 504 U.S. at 563.

Prudential standing "embodies judicially self-imposed limits on the exercise of federal jurisdiction." Elk Grove Unified Sch. Dist., 542 U.S. at 12 (citing Allen v. Wright, 468 U.S. 737, 757 (1984)). The rule encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the respective branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Id. The party invoking federal jurisdiction bears the burden of establishing standing. Lujan, 504 U.S. at 561.

## IV.     Failure to State a Claim

A motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it

will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

## DISCUSSION

### I. Subject Matter Jurisdiction

Plaintiffs bring this action in federal court, pursuant to 28 U.S.C. § 1332(a), which requires complete diversity between the parties and at least a $75,000 amount in controversy. There is diversity between the parties here. Defendants are residents of New York. Plaintiffs are residents of New Jersey. (Compl. 1.) On the other hand, there is doubt whether the amount in controversy prong of § 1332(a) is met.

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); see also Jaconski v. Avisun Corp., 359 F.2d 931, 934 (3d Cir. 1966). "[T]he burden of proving the matter in controversy exceeds the jurisdictional minimum rests upon the party alleging the sufficiency of the amount in controversy." Jaconski, 359 F.2d at 934 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936)).

The Third Circuit has interpreted this requirement to mean that "dismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met." Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997) (quoting Columbia Gas Transmission Corp. v.

11

Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995)).  Therefore, "in order to find [that] a plaintiff's claim [is] lacking in 'good faith', the court must be able to conclude from the record before him that the plaintiff cannot recover a sum by way of damages above the [$75,000] jurisdictional floor." Jaconski, 359 F.2d at 935.

Here, Plaintiffs have alleged that they suffered "no wise [sic] less than seventy-five thousand dollars" in damages based on "emotional trauma and other adverse consequences." (Compl. ¶ 11 and Demand.)  However, this Court is unable to find any basis for this assertion in the record.[2]  Plaintiffs have not presented this Court with any proof for the amount of damages in this claim.  Further, the allegations of "emotional trauma and other adverse consequences" are not substantiated by monetary damages.  This Court, therefore, concludes that Plaintiffs have failed to carry the burden of establishing that they can recover damages in the amount exceeding the $75,000 threshold for their slander and defamation claims.

## II.     Personal Jurisdiction

Even assuming that this Court has subject matter jurisdiction over these claims, it does not have personal jurisdiction over Defendants.

### A.     The Complaint and Brief in Opposition to Motion to Dismiss

The Complaint alleges that Defendants are residents of the State of New York.  (Compl. 1.)  The Complaint does not allege, however, that either Defendant committed any act in New Jersey related to the slander and defamation claims.  (See generally, Compl.)  Indeed, there is no allegation that the sole act at issue, a telephone call from Lever to Dr. Christine Sapka, was

---

[2] It is worthwhile to note that the underlying contractual dispute, although not directly related to this case, is for the amount of five hundred dollars.

placed to or from New Jersey. In order for this Court to assert specific personal jurisdiction over Defendants, Plaintiffs' claims must relate to, or arise out of, Defendants' contacts with the State of New Jersey. Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 416.

In addition, neither the Complaint, nor the Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss ("Opposition Brief"), provide any evidence of Defendants' minimum contacts with New Jersey. Plaintiffs are "required to sustain [their] burden of proof through sworn affidavits or other competent evidence." Stranahan Gear Co., Inc. v. NL Indus., Inc., 800 F.2d 53, 58 (3d Cir. 1986) (internal quotations omitted). Nonetheless, Plaintiffs have not submitted any affidavits, sworn declarations or certifications as proof that this Court has personal jurisdiction over Defendants. Moreover, Plaintiffs do not allege that Defendants do business in New Jersey. In fact, in their Opposition Brief, Plaintiffs do not dispute the lack of minimum contacts. (Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss 1) ("Plaintiffs will stipulate that the Defendants have no active business relationship with the State of New Jersey, and that they maintain no legal presence here. . . . It is a fact."). Therefore, the claim fails to satisfy the threshold requirement for specific jurisdiction.

Plaintiffs also fail to assert general jurisdiction because the Complaint, and the Opposition Brief, do not present any evidence suggesting that Defendants maintained continuous and systematic contacts with the forum state.[3] "Once the [Rule 12(b)(2)] motion is made, plaintiff must respond with actual proofs, not mere allegations." Time Share Vacation Club, 735

---

[3] Lever admitted, at the December 1, 2005 Rule 16 status conference, that he is a licensed attorney in the State of New Jersey. (Rule 16 Hr'g Tr. 5:19-7:4, Dec. 1, 2005.) However, he also stated that neither he, nor L&S, does any business in the state of New Jersey. (Id.) Therefore, this fact is insufficient to establish systematic contacts with the forum state.

13

F.2d at 66 n.9.  Based on the submitted materials, this Court finds that it does not have personal jurisdiction over Defendants.

**B.     Waiver of Personal Jurisdiction**

Having admitted that Defendants do not have contacts with the State of New Jersey, Plaintiffs argue that the lack of personal jurisdiction is "irrelevant" because "Defendants have waived their privilege to assert lack of in personam jurisdiction . . . . [b]y tardiness of answer, resulting in default[,] by asserted defenses which initially do not challenge venue[,] and by asserting a [counter claim] . . . ."[4]  (Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss 1.)  These arguments are unsupported by precedent.

        1.     Tardiness of the Answer as Waiver

Rule 12(h)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that:

> [a] defense of lack of jurisdiction over the person . . . is waived . . . (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Defendants' original answer was not filed until three days after the Clerk of the Court filed an entry of default against them.[5]  In addition, the original answer did not assert lack of personal jurisdiction as an affirmative defense.  This defense was first asserted in Defendants'

---

[4] Defendants' counterclaim against Plaintiffs is incorrectly identified in the caption of the Amended Answer as a "cross claim."  The body of the Amended Answer makes it clear, however, that the claim is a counterclaim.  (Am. Answer 3.)

[5] Plaintiffs objected to Defendants' late filing and requested that Defendants' Answer be stricken from the record.  (See generally, Letter from Myrna Tagayun, M.D. and Robert Mandell, Plaintiffs, Nov. 29, 2005) (see also Letter from Robert Mandell, Plaintiff, Nov. 30, 2005.)  However, Plaintiffs did not file a motion for default judgment, and this Court did not rule upon Plaintiffs' request.

Amended Answer, filed in accordance with FED. R. CIV. P. 15(a).[6]  (See generally, Am. Answer.) As a result of this filing, Plaintiffs appear to argue that the time limit for a defendant to raise an affirmative defense, specifically one involving personal jurisdiction, is the time period specified in Rule 12(a) for a defendant to file an answer, or in other words, twenty days.  Relying on 28 U.S.C. § 1406(b)[7], Plaintiffs argue that Defendants waived any objections to this Court's jurisdiction because Defendants' Answer was filed untimely.  (Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss 1.)

While the Third Circuit has not spoken directly on this issue, several federal courts have declined to take this position.  These courts hold that Rule 12(h)(1) "does not call for the assertion of the lack of personal jurisdiction defense within the time provided in Rule 12(a)[, but] merely dictates that the defense will be waived *if not made by motion or included in the responsive pleading*."  Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 997 (1st Cir. 1983) (emphasis added); see Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1340-41 (9th Cir. 1976) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1391

---

[6]  Fed. R. Civ. P. 15(a) states that:

> [a] party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

[7]  Section 1406(b) states:

> Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

(1969))); see Luv N' Care, Ltd. v. Babelito, S.A., 306 F. Supp. 2d 468, 472 (S.D.N.Y. 2004) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1391, at 754 ("[t]he former provision[, Rule 12(a),] only deals with when the pleading must be served and is silent on the question of waiver. The latter provision[, Rule 12(h),] does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading; it merely dictates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served.")).

The plain language of Rule 12(h) indicates that an affirmative defense raised in the first responsive pleading, whether a motion to dismiss, answer, or answer amended pursuant to Rule 15(a), is not waived.  This Court agrees with the line of cases that state that "Rule 12(h)(1) does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading."  Breland v. ATC Vancom, Inc., 212 F.R.D. 475 (E.D. Pa. 2002) (citing 5A Charles Alan Wright & Arthur R Miller, Federal Practice and Procedure § 1391 (2d ed. 1990)). Therefore, Plaintiffs' argument that Defendants' tardiness in answering the Complaint results in a waiver for asserting lack of personal jurisdiction as an affirmative defense is rejected.

    2.   Failure to Challenge Venue as Waiver

Plaintiffs next argue that Defendants waived the personal jurisdiction defense "by [making] asserted defenses which initially do not challenge venue."  (Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss 1.)  Although not framed artfully, it appears that Plaintiffs could be suggesting that a defense of lack of personal jurisdiction cannot be raised without an accompanying affirmative defense of improper venue.  If so, this argument has no support in the rules or precedent, and cannot be entertained as a viable basis for waiver here.

16

Second, Plaintiffs may have misconstrued venue and personal jurisdiction to be the same theory, based on their status as pro se. In that instance, this argument for waiver would appear to be about whether the defense of personal jurisdiction was actually pleaded in the Amended Answer.

As set forth above, Defendants included this defense in their Amended Answer, filed on October 11, 2005, which was within twenty days of the September 30, 2005 filing date for the original Answer. See generally FED. R. CIV. P. 15(a). This Court does not find a waiver based on either interpretation of Plaintiffs' argument.

### 3. Asserting a Counterclaim as Waiver

Finally, Plaintiffs argue that Defendants' assertion of a counterclaim against them constitutes submission to this Court's jurisdiction, and therefore, waives personal jurisdiction objections. This position, however, has been rejected by the Third Circuit and five other circuit courts. See generally, Neifeld v. Steinberg, 438 F.2d 423 (3d Cir. 1971); Bayou Steel Corp. v. M/V Amsetlvoorn, 809 F.2d 1147 (5th Cir. 1987); Knapp-Monarch Co. v. Dominion Elec. Corp., 365 F.2d 175 (7th Cir. 1966); Gates Learjet Corp. v. Jensen, 743 F.2d 1325 (9th Cir. 1984); Hasse v. Am. Phonograph Corp., 299 F.2d 666 (10th Cir. 1962); Chase v. Pan Pacific Broad., Inc., 750 F.2d 131 (D.C. Cir. 1984). These courts have held that a defendant does not waive a jurisdictional defense by filing a compulsory counterclaim in a responsive pleading, which also asserts the jurisdictional defense.

Specifically, the Third Circuit, in Neifeld v. Steinberg, sets forth the reasoning for this position. "If we were to take the position that a defendant, by raising his jurisdictional defenses in the same pleading in which he asserted a counterclaim, waived his jurisdictional defenses, we

17

would in effect be engrafting a judicial exception to Rule 12(b)." 438 F.2d at 428. Further, a holding for Plaintiffs on this issue would be contrary to the purpose behind Rule 12(b), which is to "avoid the delay occasioned by successive motions and pleadings and to reverse the prior practice of asserting jurisdictional defenses by 'special appearance.'" Id. at 429. "Rule [12(b)] implicitly authorizes a defendant to join these defenses with a counterclaim without waiving these defenses." Id. at 428. For these reasons, this Court does not find that Defendants waived their rights to assert a jurisdictional defense by raising a counterclaim.

### III.  Standing

Assuming, *arguendo*, that subject matter and personal jurisdiction are proper here, the Third Circuit directs this Court to examine the standing of Plaintiff Mandell to assert claims for slander and defamation based on statements made regarding his wife. Tagayun, 239 Fed. App'x at 710.

At this stage in the litigation, this Court analyzes standing based on the allegations in the Complaint. Mandell and Tagayun allege that they have "suffered emotional trauma and other adverse consequences" as a result of the alleged slanderous statements. (Compl. ¶ 11.) When determining whether a plaintiff has standing to assert a cause of action, "[a] federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state." Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 55 (3d Cir. 1994); see also Hammersmith v. TIG Ins. Co., 480 F.3d 220, 226 (3d Cir. 2007). This Court shall apply New Jersey choice of law rules.

In New Jersey, the "traditional rule for determining choice of law in tort cases has been lex loci delicti, the law of the place where the wrong occurred." Mellk v. Sarahson, 49 N.J. 226, 228 (1967). In the present dispute, the alleged slanderous and defamatory phone call from Lever

18

to Dr. Christine Sapka took place entirely in the State of New York. (Defs.' Mot. to Dismiss 7-10.)  Therefore, New York substantive law governs.  In New York, claims of spouses and relatives are "not actionable, unless it can be shown that the [allegedly slanderous and defamatory statement] was also published of and concerning them."  Wildstein v. N.Y. Post Corp., 243 N.Y.S.2d 386, 390 (N.Y. Sup. Ct. 1963), aff'd 261 N.Y.S.2d 254 (N.Y. App. Div. 1st Dept. 1965).  Plaintiffs make no such allegations here.  Plaintiff Mandell has alleged no injury-in-fact, and has no standing to bring this claim.

### IV.     Failure to State a Claim

Because this Court has determined that it does not have jurisdiction to hear Plaintiffs' claims, and the Third Circuit has directed this Court to evaluate the merits of Defendants' Motion to Dismiss only "[i]n the event the District Court determines that it does have jurisdiction in this case," this Court will not consider the merits of Defendants' Rule 12(b)(6) motion.  Tagayun, 239 Fed. App'x at 710.

## **CONCLUSION**

This Court concludes that it lacks subject matter jurisdiction to hear Plaintiffs' claims because Plaintiffs fail to establish the requisite statutory amount in controversy.  This Court also concludes that it lacks personal jurisdiction over Defendants, since Defendants are residents of the State of New York, all relevant actions took place in New York, and Plaintiffs did not establish that Defendants have any contacts with the State of New Jersey.  Finally, this Court finds that Plaintiff Mandell lacks standing to bring claims for slander and defamation based on statements made regarding his wife.  Therefore, Defendants' motion to dismiss the Complaint is GRANTED, with prejudice.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: December 27, 2007